# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Tyrell Peyatt and Mattea Peyatt, ) | |
| ) | |
| Plaintiff, ) | **ORDER GRANTING MOTION** |
| ) | **TO AMEND COMPLAINT AND** |
| vs. ) | **ADOPTING STIPULATION FOR** |
| ) | **LEAVE TO AMEND COMPLAINT** |
| ConocoPhillips Company and ) | |
| John Does 1-5, ) | |
| ) | Case No. 1:24-cv-216 |
| Defendant. ) | |

On March 7, 2025, Plaintiffs filed a Motion for Leave to File Amended Complaint pursuant to Rules 15 and 19 of the Federal Rules of Civil Procedure. (Doc. No. 24). On March 24, 2025, the Parties filed a "Stipulation for Leave for Plaintiffs to Amend Complaint." (Doc. No. 29). Plaintiffs seek leave of court to join Bedrock Petroleum Consultants LLC ("Bedrock"), North Plains Consulting Services, Inc. ("North Plains"), and Pathfinder Inspections & Field Services, LLC ("Pathfinder") as additional Defendants. They also seek leave to assert claims of negligence against the joined Defendants.

Attached is the Parties' stipulation is Plaintiffs' proposed Amended Complaint. (Doc. No. 29-1). Therein, Plaintiffs allege part the following in relevant : (1) they are citizens of Montana; (2) Defendant ConocoPhillips Company ("Conoco") is a Delaware corporation principally located in Texas; Bedrock is a Texas limited liability company; North Plains is a North Dakota corporation principally located in North Dakota; and Pathfinder is a Wyoming limited liability company.

The court has a duty to assure itself that the threshold requirement of subject matter jurisdiction has been met. See Bradley v. American Postal Workers Union, AFL–CIO, 962 F.2d 800, 802 n. 3 (8th Cir. 1992); see also Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050

1

(8th Cir. 2006) ("In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."); Gotsch v. Starbucks Corp., No. 4:24-CV-01217-AGF, 2025 WL 721177, at *1 (E.D. Mo. Mar. 6, 2025) ("The Eighth Circuit has admonished district courts to be attentive to a satisfaction of jurisdictional requirements in all cases." (internal quotation marks omitted)).

This court's exercise of jurisdiction is predicated upon there being complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

Diversity of citizenship is determined at the time the action is filed. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004); Associated Ins. Mgmt. Corp. v. Ark. Gen. Agency, Inc., 149 F.3d 794, 796 (8th Cir. 1998). "Diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action" or subsequent events provided the subsequently added nondiverse party was *not indispensable* at the time the action was commenced. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991); Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 725 (8th Cir. 2001). Here, Plaintiffs appear to be asserting that the additional defendants *are indispensable* parties as they assert in their motion that all defendants caused their injuries or contributed to the incident which caused their injuries. Consequently, the court must consider the citizenship of the additional parties and whether their inclusion will destroy diversity.

Determining the citizenship of North Plains is relatively straight forward; it is a citizen of

its state of organization and its principal place of business--North Dakota. 28 U.S.C. § 1332(c)(1). Thus, its joinder does not destroy diversity.

The citizenship of Bedrock and Pathfinder is a bit more complicated as they are citizens of every state in which their members are citizens. GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). If any of these members are themselves partnerships or limited liability companies, "then the identity of each member of each of these entities must be traced until we reach a corporation or natural person." West v. Louisville Gas & Elec. Co., 951 F.3d 827, 829 (7th Cir. 2020)

The Eighth Circuit Court of Appeals has not squarely addressed whether the citizenship of an unincorporated entity must be affirmatively pled or whether it is sufficient to plead the issue "upon information and belief." In the absence of explicit guidance from the Eighth Circuit, this court looked favorably upon the reasoning espoused by the Third and Ninth Circuits, which have both held that "a plaintiff need not affirmatively allege the citizenship of each member of an unincorporated association in order to get past the pleading stage." Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 102 (3d Cir. 2015); Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1087 (9th Cir. 2014) (pleading jurisdictional upon information and belief is adequate and a practical necessity; 5 Charles Alan Wright et al., Federal Practice and Procedure: Federal Rules of Civil Procedure § 1224 (4th ed. 2023) (noting permitting pleading of jurisdictional facts upon information and belief is often a practical necessity).

At the pleading stage, "upon information and belief" will suffice. The membership of unincorporated entities is not a matter of public record. Requiring more than a reasonable inquiry and good faith belief at the pleading stage could shield unincorporated entities from suit in federal

court without their consent, which is surely not the intent of Federal Rules of Civil Procedure. See Lincoln Ben. Life Co., 800 F.3d at 108-09. The newly amended Rule 7.1(a)(2) of the Federal Rules of Civil Procedure, which now requires all parties including partnerships and limited liability companies to disclose their membership supports this conclusion. The Advisory Committee Notes to the 2022 Amendment to Rule 7.1 state that "[p]leading on information and belief is acceptable at the pleading stage."

At present the court cannot determine the Bedrocks and Pathfinder's citizenship and whether their inclusion in this action will destroy diversity. Plaintiffs have neither clearly identified the citizenship of Bedrock's or Pathfinder's members in its motion or proposed Amended Complaint. However, the court also recognizes that Plaintiffs' motion is presently uncontested.

Given the present circumstances, the court shall defer any ruling on whether the joinder of Bedrock and Pathfinder will destroy diversity and give Plaintiffs an opportunity to file an Amended Complaint that articulates the basis for this court's jurisdiction over all defendants and also give Bedrock and Pathfinder the opportunity to file the disclosures contemplated by Rule 7.1(a)(2).

Accordingly, the court **GRANTS** Plaintiffs' motion (Doc. No. 24) and **ADOPTS** the Parties' stipulation (Doc. No. 29). Plaintiffs shall have until April 4, 2025, to file an Amended Complaint. Conoco shall have 21 days from the date the Amended Complaint is filed and served to file responsive pleadings. The newly joined parties' obligations in response shall be in accordance with the Rules of Civil Procedure upon service of the Amended Summons and Amended Complaint.

**IT IS SO ORDERED.**

Dated this 24th day of March, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
